IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SERGIO DANIEL ORTIZ, | * | |
| Petitioner, | * | |
| v. | * | 1:23-CV-03585-ELR |
| MARJORIE ISABEL MARTINEZ REED, | * | |
| Respondent. | * | |

**O R D E R**

Presently before the Court is Petitioner's "Emergency Motion for Entry of Default and Default Judgment and Warrant for Physical Custody of Child and Request for Expedited Hearing." [Doc. 19]. The Court sets forth its reasoning and conclusions below.

## I. Background

On August 11, 2023, Petitioner Sergio Daniel Ortiz initiated this action pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention") and the International Child Abduction Remedies Act of 1988 ("ICARA") "to secure the return of" a child with the initials A.D.O.M. (the "Child") to Argentina. See Verified Expedited Pet. (the "Petition" or "Pet.") ¶ 1

[Doc. 6]¹; [see also Docs. 1, 1-1]; Affidavit of Alex Pisciarino ("Pisciarino Aff.") ¶ 2 [Doc. 19-1]. Between his November 2020 birth and September 2022, the Child resided in Buenos Aires, Argentina with Petitioner—his father—and Respondent Marjorie Isabel Martinez Reed—his mother. See Pet. ¶¶ 1, 10, 12. Though Petitioner and Respondent agreed that the Child could visit the United States from September 27, 2022, through November 13, 2022, Respondent refused to return the Child to Argentina following the expiration of that period and has continued to reside in Fulton County, Georgia, with the Child through the present without Petitioner's permission. See id. ¶¶ 16, 24, 27–29, 31, 33, 36.

Also on August 11, 2023, Petitioner requested that the Court issue a temporary restraining order ("TRO") providing him with various forms of *ex parte* relief. [See Docs. 1-3, 7]. On August 17, 2023, the Court issued a TRO (1) enjoining and prohibiting Respondent or any others acting on her behalf or at her direction from removing the Child from the Northern District of Georgia and (2) directing Respondent to, no later than August 24, 2023, deposit into the registry of this Court any and all travel documents associated with the Child including any Argentine, Venezuelan, or American passports. [See Doc. 8 at 14–15]. In entering the TRO,

---

¹ The Petition filed in this matter has been verified by Petitioner. See Pet. at 16. "A court is to treat a verified complaint as the functional equivalent of an affidavit[] to the extent the complaint satisfies the standards outlined in the Federal Rules of Civil Procedure." Hill v. Butterworth, 941 F. Supp. 1129, 1136 n.11 (N.D. Fla. 1996) (collecting cases), rev'd on other grounds, 147 F.3d 1333 (11th Cir. 1998).

the Court found that Petitioner was likely to succeed on the merits of his ICARA claim because (1) "a party seeking relief" pursuant to that statute "must establish . . . that [a] child has been wrongfully removed or retained within the meaning on the Convention" and (2) the Petition establishes "that Respondent has wrongfully removed the Child from his place of habitual residence in Argentina by keeping him in the [United] States after November 2022." [See id. at 6–9]. By its August 17, 2023 Order, the Court also (1) directed Respondent to appear at an August 29, 2023 hearing and show cause why the Court should not grant a preliminary injunction extending the relief provided for in the TRO through the end of this case and (2) set a deadline of September 8, 2023, for Respondent to "file her response to the Petition." [See id. at 16].

On August 21, 2023, Respondent was properly served with a copy of the Summons and Complaint in this action as well as the Court's August 17, 2023 Order. [See Doc. 10]; Pisciarino Aff. ¶ 4. The Court held the August 29, 2023 hearing, and Respondent failed to appear at the same. [See Doc. 14]. During the hearing, Petitioner requested that the Court convert the TRO into preliminary injunction. [See id.] The Court orally granted this request and confirmed that ruling by a written Order dated September 5, 2023. [See Docs. 14, 16]. Thereafter, Petitioner filed his present "Emergency Motion for Entry of Default and Default Judgment and Warrant for Physical Custody of Child and Request

3

for Expedited Hearing." [Doc. 19]. To date, Respondent has taken no action of record or otherwise appeared in this case.

## II. Request for Entry of Default

Petitioner's present motion first requests a Clerk's entry of default against Respondent. [See id. at 2]. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Here, more than ten (10) days has passed since Respondent's deadline to respond to the Petition, yet she has failed to do so or to take any other action to defend against this case. See Pisciarino Aff. ¶ 6. Accordingly, the Court grants Petitioner's request for a Clerk's entry of default against Respondent.

## III. Request for Default Judgment

Petitioner's present motion next requests a default judgment against Respondent. [See Doc. 19 at 2–7]. "A 'defendant, by h[er] default, admits the plaintiff's well-pleaded allegations of fact'" in the complaint. See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[2]). "The defendant, however, 'is not held to admit facts that are not well-

---

[2] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

pleaded or to admit conclusions of law.'" Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting Nishimatsu, 515 F.2d at 1206). "Thus, before entering a default judgment . . . , the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id.

As noted, the Court has already determined that the allegations of the Petition state an ICARA claim and show that Petitioner is entitled to relief for the same. [See Doc. 8 at 6–9]. Additionally, the Court herein "order[s] the return of [the] [C]hild pursuant to . . . [22 U.S.C. § ] 9003." See 22 U.S.C. § 9007(b)(3). Respondent is therefore required to "pay necessary expenses incurred by or on behalf of . . . [P]etitioner, including court costs, legal fees, foster home or other care during the course of proceedings . . . , and transportation costs related to the return of the [C]hild, unless" she "establishes that" her making such a payment "would be clearly inappropriate." See id.; Rath v. Marcoski, 898 F.3d 1306, 1310 (11th Cir. 2018) ("ICARA's fee-shifting provision creates a rebuttable presumption in favor of a fee award."). To date, Respondent has failed to appear in this case and thus has not shown that it "would be clearly inappropriate" to require her to pay the expenses Petitioner has incurred in pursuing this action. Accordingly, the Court enters a default judgment in Petitioner's favor on Counts I and III of the Petition for

"Wrongful Retention of Child" and "Attorney Fees and Costs," respectively.[3] See Castaneda v. Gallegos, No. CV 15-00847 JCH/CG, 2016 WL 10538679, at *1, 5–6 (D.N.M. Apr. 14, 2016) (noting a past default judgment entered in case brought pursuant to the Convention and refusing to set aside that default judgment).

Pursuant to the default judgment it herein enters, the Court grants Petitioner the relief described below. See Thompson v. Brown, No. 05 C 1648, 2005 U.S. Dist. LEXIS 64416, at *16 (N.D. Ill. Mar. 24, 2005) (recommending the entry of an order directing the U.S. Marshals Service or "any peace officer" to take a child that was subject of an ICARA action into protective custody for release to the ICARA petitioner, "or, in the event [that the petitioner] ha[d] not yet arrived in the United States . . . , [to] his agent, or an agent of" the relevant state child welfare agency); Robles Antonio v. Barrios Bello, Civil Action No. 1:04-CV-01555-TWT, 2004 WL 1895125, at *1 (N.D. Ga. June 2, 2004) (ordering the U.S. "Marshals Service to take physical custody of [a] child" who was the subject of an ICARA action for release to the custody of the ICARA petitioner); Sandoval Quintana v. Quintana Dolores, No. 3:19-cv-00730-MMD-WGC, 2019 WL 6790654, at *5 (D. Nev. Dec. 12, 2019) (directing an ICARA respondent to "immediately deliver to the [U.S.] Marshals Service, for safekeeping," the passport of a child subject to an ICARA petition and

---

[3] The Court considers Plaintiff's Count II for "Provisional Measures" moot in light of the default judgment it grants Petitioner herein.

ordering that respondent to "notify the . . . Marshals Service if" she learned "of any person having possession of such a passport").

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES AS MOOT IN PART** Petitioner's "Emergency Motion for Entry of Default and Default Judgment and Warrant for Physical Custody of Child and Request for Expedited Hearing." [Doc. 19]. The Court **GRANTS** the motion to the extent it requests the relief provided for herein. The Court **DENIES AS MOOT** the motion in all other respects. The Court **DIRECTS** the Clerk to enter a default against Respondent and **ENTERS JUDGMENT** in favor of Petitioner as to Counts I and III of the Petition.

Further, the Court **ORDERS** as follows:

- The United States Marshals Service shall personally serve a copy of this order upon Respondent Marjorie Isabel Martinez Reed and file proof of such service with the Clerk of Court. Respondent's last known address is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

- The United States Marshals Service shall take into temporary protective custody the child ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("A.D.O.M."), date of birth November 17, 2020, and release A.D.O.M. into the custody of

7

Petitioner Sergio Daniel Ortiz. If Petitioner has not yet arrived in the United States at the time the Marshals Service takes A.D.O.M. into temporary protective custody, the Marshals Service shall release A.D.O.M. into the custody of Petitioner's agent or an agent of the Georgia Division of Family & Children Services ("DFCS").

- Petitioner's counsel shall coordinate among the United States Marshals Service, Petitioner, Petitioner's agent, and DFCS to ensure a seamless transition of the custody of A.D.O.M. from the Marshals Service to Petitioner, Petitioner's agent, or DFCS.

- Respondent shall immediately deliver to the United States Marshals Service, and the Marshals Service shall seize, any and all of A.D.O.M.'s passports in Respondent's possession, custody, or control. Respondent shall further notify the Marshals Service if Respondent knows of any person having possession of such a passport(s).

- The United States Marshals Service shall release any such passports to Petitioner, or, if Petitioner has not yet arrived in the United States when the passports are seized, to Petitioner's counsel who shall keep possession of them until Petitioner arrives in the United States.

- To execute this order, the United States Marshals Service may enlist the assistance of other law enforcement authorities, including the local police.

- Beginning on Monday, September 25, 2023, and every fourteen (14) days thereafter, Petitioner shall file a status report with the Court advising the Court of the status of Petitioner's plans to travel to the United States to retrieve A.D.O.M. and the whereabouts and status of A.D.O.M. Petitioner may file such reports under seal without complying with formalities typically required for filing materials under seal in a civil case. Petitioner may cease filing these reports once A.D.O.M. is returned to Argentina.

- No later than thirty (30) days after A.D.O.M. is returned to Argentina, Petitioner shall move the Court for an award of the expenses he may recover pursuant to 22 U.S.C. § 9007(b)(3). Pursuant to Local Rule 54.2(A)(2), Petitioner's motion shall be accompanied by "a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation." See LR 54.2(A)(2), NDGa. These accompanying materials shall be due on the same day as Petitioner's motion for an award of expenses. Respondent shall have fourteen (14) days to file any response to Petitioner's motion.

Finally, the Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** this case pending Petitioner's motion for an award of expenses.

**SO ORDERED**, this 19th day of September, 2023.

*Eleanor L. Ross*
_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia